(No. 11470.—Judgment affirmed.)

THE COUNTY OF LAKE, Appellee, *vs.* THE LAKE COUNTY PUBLISHING AND PRINTING COMPANY, Appellant.

*Opinion filed October 23, 1917.*

1. CONSTITUTIONAL LAW—*section 22 of Fees and Salaries act is constitutional.* Section 22 of the Fees and Salaries act relates to the subject matter of fees of county collectors and fixes the fees which may be allowed the collector for publishing the delinquent list, and it is within the original title of the act and valid.

2. PUBLICATION—*what compensation may be allowed to printer for publishing delinquent list.* A printer is not obliged to publish the county collector's delinquent list, but if he elects to do so he must do the work for the amount allowed by law, which, under section 186 of the Revenue act and section 22 of the Fees and Salaries act, construed together, must be the amount of fees allowed by said section 22 to the county collector for publishing such list.

APPEAL from the Circuit Court of Lake county; the Hon. CLAIRE C. EDWARDS, Judge, presiding.

A. F. BEAUBIEN, for appellant.

RALPH J. DADY, for appellee.

Mr. JUSTICE DUNN delivered the opinion of the court:

The county of Lake sued the Lake County Publishing and Printing Company in assumpsit for the amounts paid to the defendant by the county collector for publishing delinquent tax lists for the years 1913 and 1914 and recovered judgment for the sum of $1706.50, from which defendant appealed to the Supreme Court, on the ground that sec-

tion 22 of the Fees and Salaries act in force July 1, 1872, is unconstitutional. That section fixes the printer's fees which the county collector will be allowed for advertising delinquent lists. An affidavit of claim was filed with the declaration showing the number of tracts of land and town lots in the delinquent lists and the amount paid in excess of the fees allowed by section 22. The amended affidavit of merits filed by the defendant with the general issue showed that the delinquent tax list necessarily contained more than descriptions of town lots and tracts of lands; that such additional matter was published by the county collector as required by law, and the amount charged in excess of the fees for the town lots and tracts of land was the fair, reasonable and customary price for such extra matter and the county collector agreed to pay such reasonable price. The affidavit also avers that section 22 is unconstitutional in so far as it attempts to limit the charge of the printer for publishing the delinquent list. This affidavit was stricken from the files on the plaintiff's motion and judgment was rendered by default.

The objection to the constitutionality of section 22 is that the title of the act is not sufficiently broad to cover a provision fixing the compensation to be paid the printer for publishing the delinquent tax list. The act was approved March 29, 1872, and its title was as follows: "An act to fix the salaries of State officers; of the judges of the circuit courts and superior court of Cook county; of the State's attorneys; of the judges and prosecuting attorneys of inferior courts in cities and towns; of the county officers of Cook county; to regulate the fees of the Secretary of State and of the clerks of the Supreme Court; to classify the counties according to population, and fix the scale of fees for county officers in each class; to establish the fees of masters in chancery, notaries public, commissioners, arbitrators, jurors, witnesses, justices of the peace, constables and all town officers; to provide the mode of rendering

their accounts, and to fix a penalty for exacting illegal fees." (Laws of 1871-72, p. 420.) Sections 21 and 22 deal with the subject of fees of county collectors under the sub-title, "Fees of county collectors," which is a part of the act as passed by the General Assembly, and are as follows:

*"Fees of county collectors.*

"Sec. 21. County collectors shall be allowed * * * for making lists of delinquent real estate, to be filed with the county clerk for judgment, three cents for each tract or lot; a like fee for making delinquent lists for the printer; and for selling lands and town lots ten (10) cents for each tract, and three (3) cents for each lot, to be charged and collected as costs.

"Sec. 22. For printer, for advertising delinquent lists, in all counties, for each tract of land, twenty cents; for each town lot, ten cents, to be taxed and collected as costs. No costs except printer's fee shall be charged on any lands or lots forfeited to the State." (Laws of 1871-72, p. 437.)

The title was amended in 1874, (Laws of 1873-74, p. 105,) and it is admitted that the amended title was sufficient to cover the provisions of section 22, but it is insisted that the mere amendment of the title could not make valid a provision which was void at the time the act was passed because not within the title. The subject matter of this section was, however, included within the original title. That subject matter was the fees of county collectors. The section does not fix the amount for which the printer must do the work but the fees which may be allowed the collector for that purpose. So far as the printer is concerned the matter is voluntary. He is not obliged by this section to advertise the delinquent list for the fees allowed for the collector, or for any other price, or at all. This section does not provide that the delinquent tax list shall be published. The authority for its publication is found in the Revenue act, section 182 of which prescribes that the collector shall publish an advertisement giving notice of the intended ap-

plication for judgment, which advertisement shall contain a list of the delinquent lands and lots upon which the taxes or special assessments remain due and unpaid, the names of the owners, if known, the total amount due thereon and the year or years for which the same are due, and a notice that the collector will apply for judgment against said lands and lots for taxes, special assessments, interest and costs, and for an order to sell said lands and lots for the satisfaction thereof, together with a notice of the time and place of sale under such judgment and order of sale. Section 186 of the Revenue act provides that upon receipt of the papers containing such advertisement, and on demand made, the collector shall pay to the printer the amount of the fees allowed by law for publishing said list and notice. This is the only provision of law fixing the amount to be paid for the publishing of the delinquent list, and it fixes the amount by reference to the statute fixing the fees allowed to the collector for advertising delinquent lists. The statute provides for no other publication of a delinquent list. The printer is at liberty to publish or not, but if he does publish it he is bound by the statutes, which provide that his pay shall be the amount of fees allowed by law for publishing the list and notice. There is no provision of the statute for a publication of the delinquent list separate from the notice of application for judgment and order of sale and of the time and place of sale under such judgment. The statute requires that all should be published together in one notice, and the only reasonable construction of the statute is that when the law refers to payment for publication of the delinquent list it means this publication.

The judgment of the circuit court was right, and it will be affirmed.                    *Judgment affirmed.*